THE UNCAS NATIONAL BANK OF NORWICH vs. RITH AND WIFE.

*Railroad Company — Grant of power construed.*

1. Where the charter of a railroad company empowers it not only to construct and maintain a railway, but also "to make such covenants, contracts and agreements with any person * * as the execution and management of the work, and the convenience and interest of the company" may require, the company may sell a note and mortgage executed to it, or pledge them as security for its own bonds.

2. A power conferred upon the directors by the charter to execute a mortgage or deed of trust upon the property and franchises of the company, to

The Uncas National Bank of Norwich vs. Rith and wife.

secure the payment of its bonds, does not negative other methods of secur-
ing such payment.

APPEAL from the Circuit Court for *Ozaukee* County.

Action upon a mortgage executed by the defendants to secure
the note of the defendant *Peter Rith*, running to the Milwau-
kee & Superior Railroad Company. Demurrer to the com-
plaint, as not stating a cause of action, and also for the omis-
sion to make said railroad company a party defendant. From
an order sustaining the demurrer the plaintiff appealed.

*David S. Ordway*, for appellant.

*Foster & Coe*, for respondent, contended that section 23 of
the railroad company's charter (Pr. Laws of 1856, p. 126, § 8,)
provides the mode by which it may secure its bonds (viz., by
a mortgage or deed of trust upon its road and other property),
and that it could have no implied power to secure them in any
other manner; citing 1 Kent, *467; 2 id. *299; Blackw. on
Tax Tit. 606; 15 N. Y. 543; 6 Pick. 32; Edw. on Bills, 74;
Smith's Com. § 504; 2 Story's Eq. Jur. § 959; 3 Wend. 483;
2 Cow. 678; 7 N. Y. 328; 4 Denio, 480; 11 Wis. 347, 348,
351, and authorities there cited. Section 14 of the charter is a
general provision, and section 23 a specific one; and it is a
universal rule in the construction of statutes, that a specific
provision must govern a general one. Sedgw. Stat. & Con.
Law, 237, 423; Smith's Com. §§ 276, 647, 648, 651-4, 659;
Blackw. on Tax Tit. 614.

COLE, J. It is objected that the railroad company had no
power, under its charter, to transfer the note and mortgage in
the manner and for the purposes therein stated. It appears
from the complaint, that the note and mortgage were given to
the Milwaukee & Superior Railroad Company. The company
made its bond, and in and by the bond assigned and transferred
the note and mortgage, which were annexed thereto, to the
holder of the bond, to secure the payment thereof. It further

The Uncas National Bank of Norwich vs. Rith and wife.

appears, that the company delivered the bond with the note and mortgage thereto attached, for a good and valuable consideration, and before maturity thereof, to the plaintiff, who is alleged to be the legal holder and owner of the same. The objection is, that the company had no power or authority, under its charter, to sell or pledge the note and mortgage to secure the payment of one of its bonds.

This objection we consider clearly untenable. The company was incorporated with power and authority to locate, construct, and maintain a railroad within certain limits. Chapter 79, Priv. Laws of 1856. By the fourteenth section of the charter, the directors were authorized, among other things, " to make such covenants, contracts, and agreements with any person or persons, copartnership or corporation whatever, as the execution and management of the work and business, and the convenience and interest of said company, may require." If any doubt could possibly exist, whether the company, under the general power granted to build and maintain its road, would be authorized, for the purpose of raising means to accomplish the end of its creation, to sell or pledge a note and mortgage belonging to it, to secure the payment of one of its bonds, that doubt must be removed by the comprehensive language just quoted. The directors are authorized to make such contracts and agreements with any person as the execution and management of the work and business, and the convenience and interest of the company, may require.

It appears to us that it needs no argument to show, that under this clear and broad language the directors might pledge or assign and transfer a note and mortgage belonging to the company, to secure the payment of one of its bonds. Nor is the power here conferred upon the directors abridged or limited by the twenty-third section of the charter. It is assumed that because this section authorizes the directors, among other things, to execute a mortgage or deed of trust upon the property, cor-

porate rights and franchises of the company, in order to secure the payment of its bonds, that all other modes and forms of securing their payment were necessarily excluded, and the transfer of the note and mortgage in this case, for the payment of its bond, was void. This is, we think, an erroneous view of the effect of this section. Its object was not to point out a specified mode by which the payment of the bonds might be secured, and prohibit all other means of providing for their payment. But it was to enable the directors to mortgage and alienate the property and franchises of the corporation.

Whether the directors would have authority to do this under the general and ordinary corporate powers conferred upon such corporations, is a question which has been much discussed, and upon which there is a diversity of opinion. And it seems the legislature thought proper to expressly confer upon the directors the authority to mortgage and alienate the property, rights and franchises of the corporation ; and this is the manifest scope and object of that section. We have no idea that it was intended to prohibit the corporation from securing the payment of its bonds in any and all other ways except by a mortgage upon its entire road and franchise.

We have carefully examined the authorities referred to upon the brief of the counsel for the respondent, and find nothing in them in conflict with these views. They generally relate to questions arising upon statutes organizing insurance and money corporations, and what business such corporations may embark in under the laws incorporating them. The reasoning in those cases is undoubtedly sound as applied to the facts and questions before the courts, and we do not think we have advanced any thing in conflict with it. It is unnecessary to notice them in a more special manner.

*By the Court.* — The order of the circuit court, sustaining the demurrer to the complaint, is overruled, and the cause remanded for further proceedings.